IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS STANTON,                )            | |
|     Plaintiff,                           )            | |
|                                                       )            | |
| vs.                                                 )            CIVIL ACTION: 1:21-00309-KD-M |
|                                                       )            | |
| COASTAL SELECT INSURANCE CO.,   )            | |
|     Defendant.                        )            | |

**ORDER**

This matter is before the Court on the parties' Joint Motion to Dismiss, through which both parties jointly stipulate to the voluntary dismissal of one (1) claim of the Plaintiff's Complaint: Count II for bad faith (Doc. 1-4 at 5-6) with prejudice. (Doc. 22). Upon consideration and for the reasons set forth herein, the Court construes the parties' motion to dismiss as a motion for leave to amend the Plaintiff's Complaint, to which the Defendant has given its written consent.

This is because the Eleventh Circuit Court of Appeals has explained that when a plaintiff seeks to dismiss a claim/count against a defendant -- but not the entire cause of action -- the proper procedure is through a motion to amend the complaint, not dismissal:

> ... "[T]he Rule speaks of voluntary dismissal of 'an action,' not a claim." *State Treasurer v. Barry,* 168 F.3d 8, 19 n. 9 (11th Cir.1999). Put simply, **Rule 41** allows a plaintiff to dismiss all of his claims against a particular defendant; its text **does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.** "**A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss** under Rule 41(a)." 8 *Moore's Federal Practice* § 41.21[2], at 41–32; *Barry,* 168 F.3d at 19 n. 9 ("Most likely, the proper way to drop a claim without prejudice is to amend the complaint under Rule 15(a)."); *Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298, 302 n. 2 (5th Cir.1978) ("Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action ... is more appropriately considered to be an amendment to the complaint under Rule 15.") ...

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (emphasis added). See also *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n. 1 (11th Cir. 2010) ("circuit precedent

1

dictates" that "the correct way to dismiss a claim[]" is via Rule 15).

Rule 15(a)(2) of the Federal Rules of Civil Procedure applies in this procedural posture.[1] Therefore, the Plaintiff "may amend" his "pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  In this case, the opposing party, Defendant Coastal Select Insurance Company, has given its written consent by signing the joint motion to dismiss.

Thus, it is **ORDERED** that the motion (Doc. 22) is **GRANTED** and Plaintiff's Complaint is hereby deemed **AMENDED** as set forth *supra* (amending the Complaint to remove Count II for bad faith, with prejudice).

**DONE** and **ORDERED** this the **25th** day of **March 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The state court complaint was filed on June 29, 2021 (Doc. 1-4), this case was removed on July 15, 2021 (Doc. 1), and the Defendant filed its answer on July 23, 2021 (Doc. 2); as such, the time for amending the complaint under Rule 15(a)(1) "as a matter of course" has expired.